PEOPLE *ex rel.* MOONEY *v.* WALSH *et al.*

(*Supreme Court, Special Term, New York County.* May 28, 1888.)

HABEAS CORPUS—FAILURE TO SERVE ON SHERIFF PERSONALLY—CODE CIVIL PROC. § 1999.

Where relator was in the sheriff's custody, service of a writ of *habeas corpus*, directed to the sheriff and jail warden where relator was confined, on the warden only, unless the sheriff could not be found, is insufficient, since the sheriff, having the legal custody of relator, was entitled to personal service under Code Civil Proc. N. Y. § 1999, providing that such writs shall be personally served as a summons out of the supreme court, and section 2004 requiring the sheriff to make return to the writ when complete service is made upon him.

At chambers.   On motion to compel the sheriff to make return to a writ. of *habeas corpus.*

The writ was addressed to Thomas P. Walsh, the keeper of the city prison, and to Hugh J. Grant, the sheriff, requiring them to produce the body of Thomas J. Mooney before the court of oyer and terminer.   Mooney had been tried for arson, and acquitted.   He was not discharged, however, but was ordered by the court of general sessions to be committed to the state lunatic asylum at Utica and was immediately taken into custody by the sheriff, and confined in the city prison of which Walsh was the keeper.   The relator's. attorney took the writ to the under-sheriff, but he declined to receive service of it, and told him to serve it on a clerk in the office.   He informed the clerk of the writ, and gave it to him, but he handed it back after reading it, and declined to keep it, unless certain fees were paid.   The attorney then served the writ upon Walsh.   Walsh made return to the writ that the relator had been in the sheriff's custody by virtue of the commitment of the general sessions, requiring him to be taken to the state lunatic asylum.   The sheriff made no return to the writ, and this motion was now made for a return. It appeared by affidavit that Mooney had meanwhile been delivered by the sheriff into the custody of the superintendent of the state lunatic asylum at Utica.

*Abraham Suydam,* for relator and the motion.   *Cockran & Clark,* for respondent Grant, opposed.

BARRETT, J.   The writ of *habeas corpus* was not served upon the sheriff as required by law.   By section 1999 of the Code such a writ must be personally served "in like manner as a summons issued out of the supreme court." By section 2003 it may be served by delivering "it to the person to whom it is directed."   Section 2004 provides that a sheriff upon whom complete service of a writ of *habeas corpus* is made as prescribed in this article must obey and make return to the writ.   In the present case these provisions were entirely ignored, and there was not even a service upon the clerk in the sheriff's office.   If Mr. Suydam supposed that such service upon a clerk was sufficient, he should not have taken the writ back from the clerk, but should have left it where he originally delivered it.   The law, however, as it would seem from the above quotations, requires a personal service, and this was not even attempted.   It is stated in the affidavit that the prisoner was in the sheriff's custody, under the commitment of the court of general sessions, and this is. undoubtedly a correct view of the legal situation.   Under such circumstances the relator was bound to serve the writ upon the sheriff.   Service at the jail, by leaving the writ with the warden, was only effective in case the sheriff could not, after due diligence, be found.   Section 2003.   The relator could not escape the requirements to serve the sheriff personally, or to prove that he could not be found with due diligence, by directing the writ to the warden. The fact is that the sheriff did his duty in executing the commitment of the sessions, and he would have been derelict in his duty had he failed to do so, because the relator's attorney had obtained a writ which he did not choose to serve upon him.   The sheriff would have been justified in using the power of the county to aid him in executing the commitment had the warden interfered with him in taking his prisoner.   The latter was not in the warden's custody, but in the sheriff's.   He was secured in a jail, of which the warden was. keeper, but the sheriff was the only legal custodian under the commitment.

The motion must, therefore, be denied in all its parts.